**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Sonia L.C.,

Petitioner,

v.

Pamela Bondi, et al.,

Respondents.

No. 26-cv-2028 (KMM/JFD)

**ORDER**

---

This matter is before the Court on the Verified Petition for a Writ of Habeas Corpus filed by Petitioner Sonia L.C. (Dkt. 1.) Respondents argue that this case should be dismissed on the merits or transferred to the United States District Court for the Western District of Texas because Sonia L.C. was detained in El Paso, Texas at the time the Petition was filed. (Dkt. 5.) For the reasons that follow, this matter is transferred to the Western District of Texas.

## BACKGROUND

Sonia L.C. is a citizen of Ecuador and a resident of Minneapolis, Minnesota. (Dkt. 1 ¶ 8.) She has lived in the United States since 2023. (*Id.* ¶ 14.) Ms. L.C. has a pending application for asylum with her husband and two children, and she does not have a final order of removal. (*Id.* ¶ 15.) Ms. L.C. was arrested by ICE agents on January 6, 2026 after leaving a scheduled immigration appointment. (*Id.* ¶ 16.) The arrest was made without a

warrant.[1] (*Id.*) Ms. L.C. was shortly thereafter transferred to the ERO El Paso Camp East Montana in El Paso, Texas. (*Id.* ¶ 18–19.) Ms. L.C. filed this Petition on March 24, 2026, at which time she was still detained in El Paso. (*Id.* ¶ 8.)

Respondents filed a Response on March 27, 2026 arguing, among other things, that the Petition should be transferred to the Western District of Texas because Ms. L.C. was in El Paso at the time of its filing. (Dkt. 5.)

**DISCUSSION**

Respondents challenge the Court's jurisdiction to address this matter because ICE transferred Petitioner to the Western District of Texas two months before she filed the Petition. Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), Respondents argue Petitioner's pre-filing transfer to Texas prevents this Court from adjudicating her Petition. (Dkt. 5.) To the extent Respondents suggest that Ms. L.C.'s transfer deprives the Court of subject matter jurisdiction, the Court disagrees.

In *Padilla*, the Supreme Court considered whether the petitioner, who the federal government transferred into military custody at a naval brig in South Carolina prior to his filing of a habeas petition, properly filed his petition in the Western District of New York. 542 U.S. at 430–32. The Court held that the proper respondent in a habeas case challenging physical custody is the petitioner's "immediate custodian." *Id.* at 439, 442. Further, based on the language in 28 U.S.C. § 2241(a), the Court concluded that "jurisdiction over [the] habeas petition lies in [a particular district court] only if it has jurisdiction over [the

[1] Respondents do not dispute that the arrest was made without a warrant. (Dkt. 5 at 2.)

immediate custodian].” *Id.* at 442. But in explaining these rules, the Court was clear that it was not addressing subject-matter jurisdiction. *Id.* at 434 n.7 (“The word ‘jurisdiction,’ of course, is capable of different interpretations. We use it in the sense that it is used in the habeas statute, 28 U.S.C. § 2241(a), and not in the sense of subject-matter jurisdiction of the District Court.”); *see also id.* at 451 (Kennedy, J., concurring) (explaining that the “immediate custodian” and “territorial jurisdiction” rules “are not jurisdictional in the sense of a limitation on subject-matter jurisdiction”).[2]

Although the Supreme Court has not subsequently clarified whether the immediate-custodian and territorial-jurisdiction rules are matters of personal jurisdiction or venue, nothing in *Padilla* suggests that this Court lacks *subject-matter jurisdiction* because a petition is filed in this District after a petitioner has already been transferred outside of Minnesota. The Court, therefore, declines to dismiss this matter to the extent Respondents seek to do so for lack of subject-matter jurisdiction. *Mathena v. United States*, 577 F.3d 943, 946 n.3 (8th Cir. 2009) (stating that even though petitioner did not file his habeas in the district where he was confined that “defect did not deprive the district court of subject matter jurisdiction”).

Even though the Court has subject-matter jurisdiction, that conclusion does not end the inquiry regarding the proper forum for Sonia L.C.’s challenge to her current confinement. Respondents argue that the Court should transfer the Petition to the Western

[2] Although the Court did not ultimately resolve precisely the doctrine to which these rules belong, the *Padilla* concurrence indicates that they are “best understood as a question of personal jurisdiction or venue.” 542 U.S. at 451 (Kennedy, J., concurring).

District of Texas. *Padilla* states that the proper forum for a habeas petition challenging physical detention is in the district where the petitioner is confined. 542 U.S. at 443 ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *id.* at 442 ("Accordingly, with respect to habeas petitions 'designed to relieve an individual from oppressive confinement,' the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.'" (quoting *Carbo v. United States*, 364 U.S. 611, 618 (1961)). The district of confinement in this case is the Western District of Texas. The Western District of Texas was also the district of confinement when Sonia L.C.'s counsel filed the Verified Habeas Petition in this District. Accordingly, the proper forum for the Petition in this case is in the Western District of Texas, not this Court.

"An exception [to the district-of-confinement rule] is recognized, however, where the petitioner's location is unknown at the time of filing—such as when the petitioner is in transit—or where immigration authorities have not disclosed where the petitioner is being detained or by whom, and circumstances have prevented or precluded contact with counsel." *Adriana M.Y.M. v. Easterwood*, No. 26-cv-213 (JWB/JFD), 2026 WL 184721, at *2 (D. Minn. Jan. 24, 2026); *Aleksander B. v. Trump*, No. 26-cv-170, 2026 WL 172435, at *2 (D. Minn. Jan. 22, 2026) (collecting cases that recognized this exception).[3] But this

---

[3] This case differs materially from the undersigned's recent decision in *Aleksander B.* There, the petitioner's whereabouts were not known to counsel when the petition was filed and the respondents were not forthcoming with information when the petitioner's counsel asked them about her location for several days. 2026 WL 172435, at *3. Here, Sonia L.C. was transferred out of this District two months before the Petition was

exception does not apply here because the allegations in the Petition show that Ms. L.C.'s counsel knew she was located in Texas at the time the Petition was filed, and that she had been there for some time. (Dkt. 1 ¶ 8.) Under these circumstances, the Court finds that transfer to the district of confinement is the appropriate result. *E.g.*, *Jonnathan X.D.B. v. Kristi Noem*, No. 26-cv-588 (DWF/DJF), 2026 WL 222189, at *1 (D. Minn. Jan. 28, 2026) (finding that exception to district-of-confinement rule did not apply where counsel knew about petitioner's location in another district when the petition was filed but transferring to the place of confinement rather than dismissing based on the court's concerns that petitioner's detention was unlawful).[4]

**ORDER**

For the reasons discussed above, **IT IS HEREBY ORDERED THAT** this matter is **TRANSFERRED** to the Western District of Texas.

Date: March 31, 2026

*s/Katherine Menendez*
Katherine Menendez
United States District Judge

filed and the Petition itself shows that her counsel knew she was not detained in Minnesota at that time.

[4] The Court might reach a different decision if it appeared that transfers were being made specifically to obscure a petitioner's location, or to deprive a petitioner of accessing her counsel. There is nothing in the record before the Court to support either suggestion.